Mr. Justice Walker delivered the opinion of the Court. The assignment of errors in this case presents for our consideration the sufficiency of the second plea of defendant, to which a demurrer was sustained. The plaintiff declares upon a bond with condition for the delivery of a slave to be sold under execution on a given day; and alleges, for breach of the condition, that the slave was not delivered according to the terms of the condition, and that the debt remained unpaid. The plea admits tlie execution of the bond, and that the condition had been broken, but sets up, in bar, in substance, that, after the condition of the bond had been broken, the plaintiff sued out an alias execution which was levied on the same slave, which was not sold, but, by order of plaintiff, returned to defendant. These facts by the demurrer were admitted to be true, and the inquiry is, if true, and pleaded in apt form, (which was very far from the case in this instance,) do they constitute a good defence to the plaintiff’s action. The execution of the bond and its condition broken being admitted, the defence, to be a good one, must go to the discharge or satisfaction of the obligation. The mere suing out an alias execution, in our opinion, does not amount to either; nor does the levy on property, whether the same or other property, amount to satisfaction. The greatest extent to which the authorities have gone, has been that where the property is taken in execution and remains in the hands of the officer unsold, it may be considered as a temporary satisfaction to the extent that it must be disposed of before other estate can be taken in execution. But even that rule cannot come in aid of this plea, for it affirmatively appears, from the plea, that the property was restored. Without further examination into the sufficiency of the plea, or pointing ont its defects in structure, as we are of opinion that the facts in no form would amount to a legal defence, we are of opinion that the demurrer was well sustained. Upon the second point, as to whether the issue of nul tiel record was propérly determined, we are of opinion that it is wholly immaterial how it was determined. The plea should have been disregarded as forming an immaterial issue. The execution was not the foundation of the action; nor was it necessary to recite it in the declaration. It is disclosed in the condition of the bond, and the defendants are estopped by their own act from denying its existence. (3 Marshall 302. 3 John. R. 331. 2 J. J. Marsh. 280. 3 ib. 164.) And so, in a suit on an administrator’s bond, the defendants are estopped from denying the grant of administration. (3 Eng. 346.) Not only was the defendant estopped from interposing this defence, but the defence itself tendered an issue wholly immaterial to the merits of the action: the bond, its condition and breach, its satisfaction and discharge, were the subjects of inquiry. This plea th’en confessed, but did not avoid the action. A repleader would not have been proper. Chitty says that “ the distinction between a repleader and a judgment non obstante veredicto is that, that where the plea is good in form but not in fact, or, in other words, if it contain a defectiye title or ground of defence by which it is apparent to the Court, from the plaintiff’s own showing, that in any way of putting it he can have no merits and the issue found for him, as the repleader could not mend the case, the Court, for the sake of the plaintiff will at once give judgment non obstante veredicto." 1 Chit. Pl. 656. But, suppose the issue material and well taken, we discover no error in the finding of the Court upon it. We are of opinion that there is no error in the record and proceedings in this case which can affect the validity of the judgment. Judgment affirmed with costs.